United States v. Harrison 17-6119 and counsel we're ready when you are. Good morning your honors. My name is Kathleen Shen and I represent the appellate Mr. Shondell Harrison. We're here because Mr. Harrison's ACCA sentence is illegal. When that sentence was first imposed in 2011 the district court found that his two prior convictions for Oklahoma domestic abuse assault and battery qualified as violent felonies by relying on the residual clause. Now that the residual clause has been held unconstitutional those convictions no longer constitute violent felonies and the ACCA doesn't apply. If we could tell from the sentencing record that the sentencing court relied on both the residual clause and the elements clause would you agree that that your client would not prevail? We don't have to reach that question here because it's not clear from the record that that's what the district court is doing. You know while the district court heard arguments regarding both clauses he never actually says which one he's relying upon and there's actually several reasons to think that he didn't rely on the force clause. First the district Mr. Harrison actually raised the objection to the force clause regarding violent force versus touching. The government never countered that objection and that all makes sense in light of the relevant background legal environment which clearly shows that the conviction couldn't have qualified under the force clause. The court does refer to the elements of the crime in its ruling and it also it cites it quotes from both the elements clause and the residual clause as it's announcing the sentence. Yes. Could this be that the court relied on both? No your honor. And why not? Just to go through one by one. First with respect to his reference the elements of the crime that really doesn't narrow things down at all. If he had relied on the residual clause he would have just as well had to look to the elements of the crime in order to tell whether it qualified. Second you know the fact that he cites both of the clauses also I don't think narrows things down at all because you know ACCA section 924 e you know one two and then sorry what was the third part? Well the court specifically says in terms of an analysis of the elements of the crime. Oh yes so as I said you know that doesn't actually narrow things down because residual clause also required that analysis and then just to go back to the sentencing record I think the fact that the government doesn't object to the Mr. Harrison's argument that the force clause couldn't apply because the convictions only required touching actually suggests that the district court didn't rely on the residual clause as the government said you know whether or not this is a violent violent this crime requires violent force it would qualify under the residual clause and that is the analysis that makes the most sense given the background legal environment. Just a month before Mr. Harrison was sentenced this court plainly held in Smith that battery doesn't require violent force and therefore doesn't constitute a violent felony under the force clause but could under the residual clause so given this it's pretty clear the district court wasn't aware of that case but that doesn't really matter to our analysis does it or does it well I mean because the district court was considering both clauses clearly seemed to be contemplating both so it seems to me could not have been aware of the Smith case and it was pretty recent at that point does that matter? You know I don't think it matters because under Snyder if the records not clear then we just look to the background legal environment as this court said in Snyder you know while that we characterize this as a factual finding it's primarily one that rests on legal questions right and so given that you can't clearly say from the record that he relied on the residual clause we look to the background legal environment. And we stop looking at the the underlying record at that point to it doesn't play into the legal analysis at that point what the relevant legal background was I guess is what you're saying yeah and plus the trial judges presumed to know the law I suppose. Yeah we presume the trial judges know the law and I would you know point out that even though the defense counsel didn't cite Smith by name he did cite the legal principle articulated in Smith by saying you know hey this conviction doesn't require violence it only requires touching. And so given this background legal environment we can say that it's more likely than not that the trial court relied on the residual clause and that the sentence therefore is infected with Johnson error. So then we will proceed to the second step of the analysis and ask was that error harmless and here it wasn't harmless without the residual clause there could be no ACCA sentence. In other words the district court was wrong to say that these convictions continue to qualify as violent felonies under the force clause. I mean as we've been discussing that's contrary to this court's decision in Smith which plainly holds that Oklahoma assault and battery doesn't require violent force and therefore doesn't constitute a violent felony under the force clause and that follows directly from the Oklahoma Court of Criminal Appeals decision in Steele versus State where the state's highest criminal court held in a reason to publish decision that Oklahoma assault and battery doesn't require violent force because it follows the common law and therefore can be satisfied with just the slightest touching. Does it change if we include assault in addition to battery? No your honor it doesn't. First you know I just point out Steele actually does concern an assault and battery conviction it's for that reason that this court has repeatedly held that Oklahoma you know quote assault and battery convictions don't satisfy the violent or don't constitute violent felonies under the force clause. Also you know the common law principles articulated in Steele tell us that included offensive battery and that neither of those crimes require more than the slightest touching in order you know to sustain a conviction. So whether or not we consider this crime to be simply battery or you know assault and battery it doesn't require violent force and doesn't satisfy the force clause. If there are no further questions I'll reserve my remaining time. There don't excuse me. May it please the court Stephen Craig on behalf of the United States. Mr. Harrison is not entitled to 2255 relief for two reasons. First he has failed to show based on a preponderance of the evidence standard that the district court relied solely on the residual clause. Second he fails to show that under current law domestic abuse assault and battery is no longer a violent felony under the elements clause. Let me focus on your first point. If the record is ambiguous then who prevails? If the record is completely ambiguous then the government would prevail because the defendant bears the burden of showing that it's more likely than not. And yet we have case law that says the record has to unambiguously indicate that the court relied on a clause other than the residual clause. How do we make sense of that? The question, first of all I would suggest that I'm assuming you're talking about Snyder and what Snyder says is if the record is ambiguous you look to the background legal environment. If that would be ambiguous then the background legal environment but let's say I look at what the court said at sentencing and I can't tell for sure what the sentencing court relied on here. How does that cut? Well you know one thing that I would suggest I think the background legal environment can be instructed by what the district court says because ultimately this is a question of fact. What did the district court say at the time? Now if the district court says nothing then obviously there's nothing to inform. There's nothing that that can add but here the district court did say something. It said something because the defendant actually raised this issue. Mr. Harrison points to the Smith case but Smith specifically looked at police officers. Why does that make any difference? Why does the victim make any difference with respect to this this analysis? Because a police there is a powder keg as this court described in Smith and in prior cases leading up to Smith. There is no indication there's been no there was no explanation prior to sentencing in this case that a domestic abuse would have the same powder keg type experience or a powder keg type background. In addition to that Smith did not specifically address just assault and battery. It addressed battery on a police officer which would get into more the merits question about assault but looking strictly at the jurisdiction to go back to the background legal environment and why I think that plays into what the court said. The background legal environment here was James. It was Sykes and what the court said it wasn't just some amorphous test that if it doesn't fall under the elements clause then it must fall under the residual clause. The Supreme Court had laid out perhaps multiple tests and McGehee had laid out purposeful violent aggressive. In James and Sykes it said you look at not just the elements but you look at the ordinary case and how does the ordinary case compare to the enumerated defense clause and there was no discussion anywhere in the record about Sykes, about James, about comparison to the residual clause. There was an objection to the PSR. There was the probation office saying it comes under the elements clause. Then it's sentencing. You have the government adopting what the probation officer said and thus I would dispute what my opponent suggested that the government didn't rely on the elements clause. It said to the extent there's a question there's also the satisfied and then finally in response and it's holding the court say said that it had quote no trouble at all concluding that these offenses these domestic abuse offenses committed by this defendant do fall within section 9 24e as a definitional matter. This goes back to what the government was suggesting as a definitional matter it might not fall within the elements clause. Here the court said it has as a definitional matter it does as a definitional matter in terms of an analysis of the elements. All right but as as the appellant is saying here that that that doesn't really mean anything because the residual clause would have required I mean they would have to do the same categorical analysis and look at the elements so why does that mean anything in terms of what the court ultimately decided where this came within which clause it came to? Because what the court required as far as the residual clause goes is an ordinary case analysis and that's what the court ultimately said in Johnson and into Maya and in Welch. Which examined the elements. Correct but the ultimate question is analysis of the elements of the crime which is what he said. And how those ultimately end up in the ordinary case just because it might not fall within the elements you look to what the ordinary cases and compare as far as the residual clause went at the time you compare the risk of force in the ordinary case to the risk of force or risk of injury in an enumerated offense case and there was no discussion about what the analogous enumerated offense was. Well but it's still ambiguous we don't really know do we? There's not enough there to say. At most in most favorable to the defendant what we have here is the district court relying on both and even if the district court relied on both as the First Circuit explained in DeMond the Eleventh Circuit explained in Beeman cases this court adopted in the United States v. Washington the defendant bears the burden not only of showing by preponderance of the evidence that the district court could have relied on the residual clause but it in fact relied solely on the residual clause. And the defendant has not met that burden here in light of the record in light of the background legal environment. But even if this court were to conclude that the defendant has met his burden. Well before you move on to that I'm sorry I just have to explore what you mean by both. I you arguing that if you read the record you will come to the conclusion that the judge relied both as independent bases. Is that what you're arguing and therefore even if you knock out residual the other one stands? That's my secondary argument your honor. My first argument is I would suggest the record is fairly clear that all of the thrust is going towards the elements clause. The first argument is that I read this as the court relying on the elements clause. The second argument is the court relied on both so if you knock out the residual clause you still have the elements clause. Correct. Okay thank you. But even if the court were to include that the defendant has met his burden and showed that it was more likely than not the court relied on the residual clause. He's still not entitled to relief because domestic abuse assault and battery is a violent felony. Title 21 section 644 C criminalizes assault and battery. The legislature has defined what assault and battery is and the Court of Criminal Appeals as early as the Parks v. State case explained that assault and battery necessarily includes an assault. The Oklahoma legislature in title 21 section 641 defined an assault as the unlawful and willful attempt or offer with force or violence to do a corporeal hurt. The legislature did not define what a corporeal hurt was but title 25 section 1 of the Oklahoma statutes tells courts to give an undefined term not its common law meeting but the plain and ordinary meaning. The Court of Criminal Appeals as the district court did in this case has interpreted that as meaning the dictionary definition. Looking at the dictionary corporeal means of the body hurt means pain or injury. This is confirmed by other cases by the Court of Criminal Appeals for example in in Parks again it said an assault requires an attempt to injure. It becomes an assault and battery when that attempt to injure culminates in a battery but it's still required an assault and battery still requires an attempt to injure. It said so in Burleson v. Saffel where it said that an assault requires an attempt to injure. It also said so in Tyner v. United States. While the statute at issue in Tyner because it was a territorial statute did not involve the term corporeal hurt it does influence and it does affect the interpretation of the phrase corporeal hurt because it was decided one year before the statute was enacted. And in Tyner the Court of Criminal Appeals said that the phrase corporeal hurt is not substantially different than the term violent injury. Because a assault requires an attempted attempt to injure and because an assault and battery requires an assault then an assault and battery must require an attempt to injure. And if there is an make something a violent felony if it has as an element the attempted or threatened use of physical force. Now opposing counsel had referenced Steele v. State and while Steele was a assault and battery case I would suggest this court needs to pay attention to the precise language the Steele court used. Steele did not say an assault and battery or that an assault is satisfied by the attempted slightest touching. What Steele said is that the force quote the force or violence element of battery can be satisfied by the slightest touching. And it's that force or violence language not the corporeal hurt language that Steele was addressing. It's hard to imagine that the force necessary is different for an assault than a battery when an assault culminates in a battery. If you you know I mean that it's really an unrealized battery when you assault someone isn't it? Your Honor in light of the legislator in light of the statutes I would disagree with that. The legislature could have defined an assault as simply an attempt or offer to do force or violence or an attempt or offer of force or violence to another person. It included the words to do a corporeal hurt there. I think Judge Friot in the order on appeal gave a perfectly reasonable explanation. It's an explanation the Court of Criminal Appeals used I believe in Parks and Minnix where it's as if someone is to strike you with a club or hit you with a fist. Force that would be capable of causing pain or injury. Force that would result in a corporeal hurt if it was realized in its fullest extent but they were to be stopped and so if a person throws a slug tries to hit somebody and is prevented from doing so that would still be an assault. If they grazed them and barely touched them that might be an assault and battery but that still was an attempt to use for violent physical force and I would suggest that the at least in some cases bear this out. Even if this court were to accept the defendant's argument with regard to steal this court recently in the United States v. Garcia explained that what the court does is more important than what the court says. Every case that addresses assault and battery in any form in Oklahoma which the Court of Criminal Appeals has affirmed has required a grabbing something along those lines and what this court said in the Garcia adopting Justice Scalia's concurrence in Castleman is that grabbing, hitting, punching, things like that constitute violent physical force. And so ignore what they say and pay attention to what the facts are? Well what Garcia not in this specific case but what Garcia did the New Mexico robbery case there were some Court of Appeals opinions that said pretty much the exact same thing. The force sufficient required for robbery was immaterial and what this court said is but when we look at how New Mexico actually applies the statute it differentiates between actual violent force and nonviolent force. At the end of the day what the defendant has asked this court to do essentially is say that it would be a felony domestic abuse for kids sitting in the road trip say I'm going to touch you I'm going to touch you tap that's a crime according to the defendant and there's nothing in the record in Oklahoma law or in Oklahoma law that would suggest that would be a crime of domestic abuse assault and battery. The government would ask this court if it reaches the merits question not to apply judicial imagination but instead to look at what the cases say and to apply a reasonable interpretation of Oklahoma law. If there are no further questions, thank you. I just like to respond to a few of the points made by the government's counsel. First you know I think in this context while the records not silent it is ambiguous and for purposes of Snyder that lack of clarity is sufficient to get us to the background legal environment and second you know he commented on the fact that the conviction Smith involved an assault and battery on a police officer you know I don't think that makes a difference here because the most important Smith is that it clearly the most important thing about Smith is it clearly precludes the district court from relying on the force clause leaving the residual clause as the only option. To go to the corporal hurt argument so this the legislature's use of the phrase corporal hurt doesn't supersede steel and it can't. First you know that statutory definition precedes steel and so if there was any merit to the government's argument then steel would have come out a different way but it doesn't and then again you know steel clearly states that Oklahoma follows the common law with assault and battery and that's actually consistent with the statutory definition as this court recognized in Mason at the common law the phrase corporal hurt included the merest touching and you know it's also consistent again I mean this is all in the briefs but the Oklahoma jury instructions divine force to me in just the slightest touching for assault as well as battery. Going to the point about this court's decision in Garcia and whether there's a realistic probability that the statute could be applied to cover nonviolent force. Garcia is a number of reasons most importantly steel is unequivocal in holding that you don't need violence in order to have a conviction for Oklahoma assault and battery and that's why this court has repeatedly held that Oklahoma assault and battery convictions don't satisfy the force clause. The other thing that's really important to note is that unlike with the New Mexico robbery conviction at Ishmael Garcia there aren't any lower court convictions or decisions vacating convictions for lack of force so there's really no basis for concluding that anybody who that a court would vacate a domestic violence conviction for lack of force and as this court said in Mason even if most cases do in fact involve force that doesn't mean it satisfies the force clause. The last point is just you know regarding the Oklahoma laws decision to cover nonviolent force I mean as the Supreme Court recognized in Castleman there's actually a reason that in the domestic violence context statutes are written broadly in order to cover nonviolent force and that's because legislatures have sometimes made the judgment that this is a particularly harmful context in which nonviolent force should be criminalized as well as violent force and so I think with all that I just want to conclude by saying you know Johnson error occurred in this and I'd ask that you reverse the district court vacate Mr. Harris in sentence and remand for resentencing without application of the Armed Career Criminal Act. Thank you. Thank you.